SHEPARD, Chief Justice,
dissenting.
In the fourteen years since Norman Timberlake murdered Master Trooper Michael Greene of the Indiana State Police, the American judicial system has entertained a succession of appeals-once before an Indiana trial court, three times to this Court, twice in United States District Court, once to the federal Court of Appeals, and three times to the United States Supreme Court.
All of this Due Process has led to the same conclusion: Timberlake is guilty and he received a fair trial and a penalty of death that complies with the law and the Constitution.
After all of this, a majority of this Court has decided to stop his execution. The *1214 basis for this decision rests exclusively on the possibility that the U.S. Supreme Court might decide to change its opinion defining insanity for death penalty purposes, Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986).
They see this possibility in Panetti v. Quarterman, 127 S.Ct. 852. There, a death row inmate and various amici curiae have insisted that the Fifth Cireuit has not faithfully followed Ford's definition of insanity. That such a change in the Ford definition could occur in any way favorable to death row murderers, when Panetti's petition for certiorari asks the Court to reaffirm Ford, seems so implausible that granting a stay is unjustifiable.
In this case, all five members of this Court agreed that Timberlake is not insane as defined by Ford. Timberlake v. State, 858 N.E.2d 625 (Ind.2006). All the evidence before us is evidence that has been deemed by multiple state and federal judges to demonstrate that Timberlake is competent and not insane under the only legal definition that exists. The video of Timberlake's parole interview last week, which I have watched, does not suggest he is insane under any other definition, either.